UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARTFORD FIRE INSURANCE
COMPANY,

      Petitioner,

                                                                             Case No.:

v.

DEWEY H. LEE,

      Respondent.

_____/

## HARTFORD CASUALTY INSURANCE COMPANY'S PETITION TO COMPEL APPRAISAL AND APPOINT AN UMPIRE FOR APPRAISAL

COMES NOW Petitioner, HARTFORD FIRE INSURANCE COMPANY ("HARTFORD"), by and through its undersigned counsel, and hereby files this Petition to Compel Appraisal and Appoint an Umpire for Appraisal as to Respondent, DEWEY H. LEE ("LEE"), and as grounds therefore would state as follows:

1. This is an action to compel appraisal and appoint an umpire for the appraisal proceeding in accordance with an insurance contract between the Petitioner and the Respondent.

2. At all times material hereto, the Petitioner, HARTFORD, was a foreign corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, authorized to issue insurance policies in the State of Florida.

3. At all times material hereto, the Respondent, LEE, was a resident of Hernando County, Florida.

4. The amount in controversy in this action exceeds the sum of seventy-five thousand ($75,000) dollars, exclusive of pre-judgment interest, court costs and attorney's fees.

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332 based upon the diversity of citizenship as LEE is a resident of the State of Florida and HARTFORD is incorporated in Connecticut, with its principal place of business in Hartford, Connecticut.

6. At all times material hereto, LEE owned 230 Sunset Drive, Brooksville, Florida (hereinafter referred to as the "insured premises").

7. On or about February 15, 2007, LEE reported to HARTFORD that the insured premises suffered damage from sinkhole activity.

8. At the time the claim was reported, HARTFORD provided insurance coverage to LEE by virtue of policy number 21RB542963. (See insurance policy attached as Exhibit "A").

9. HARTFORD conducted an investigation and retained a geotechnical engineer who verified sinkhole activity was a cause of loss to the insured premises.

10. Accordingly, HARTFORD tendered insurance proceeds for subsurface repairs/stabilization of the insured premises and to repair the damages to the dwelling.

11.     LEE disagreed with the amount HARTFORD tendered for the repair of damage to the dwelling as a result of the covered sinkhole loss.

12.     Instead of agreeing with HARTFORD's estimate to repair the damage to the dwelling, LEE demanded $207,224.36 in compensation for the dwelling repairs. (See April 20, 2009 correspondence attached as Exhibit "B").

13.     On April 24, 2009, HARTFORD requested that the parties participate in the appraisal process to resolve this dispute. The request was repeated in written correspondence on May 12, 2009; May 22, 2009; and July 14, 2009 (See correspondence attached as composite Exhibit "C").

14.     The insurance policy's appraisal provision provides as follows:

Section I–Conditions

    E.     **Appraisal**

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss.

> Each party will:
>
> (1) Pay its own appraiser; and
> (2) Bear the other expenses of the appraisal and umpire equally.
>
> * * *

15. Based on the language of the appraisal provision, this Court has jurisdiction to appoint an umpire.

16. HARTFORD has selected its appraiser and advised LEE of his identity. (See correspondence attached as Exhibit "C"). However, LEE has refused to identify his appraiser or participate in the appraisal process.

17. HARTFORD requests that the Court compel LEE to participate in the appraisal process and identify his selected appraiser.

18. Moreover, HARTFORD requests that this Court appoint an umpire to preside over the appraisal process.

19. The undersigned proposes the following individuals to be umpires:

   A. Judge F. Dennis Alvarez
      Barr Murman Tonelli, P.A.
      (Retired Circuit Court Judge)

   B. Mr. Keith Womack
      Restoration Specialists of Florida, Inc.

   C. Mark Shelton, Esq.
      Mark Shelton, P.A.

Case 8:09-cv-02278-VMC-TBM   Document 1   Filed 11/06/2009   Page 5 of 6

*HARTFORD FIRE INSURANCE COMPANY v. DEWEY H. LEE*
PETITION TO COMPEL APPRAISAL AND APPOINT AN UMPIRE FOR APPRAISAL
PAGE 5

20. These individuals have experience in participating in the appraisal process and serving as umpires.

21. HARTFORD requests that this Honorable Court direct the appraisal panel to utilize an appraisal award form that sets forth the amount of loss, actual cash value and replacement cost of each building item as required by the terms of the insurance policy.

WHEREFORE, Petitioner, HARTFORD FIRE INSURANCE COMPANY, respectfully requests that this Court:

A. take jurisdiction of this matter and compel the Respondent to participate in the appraisal process and identify his selected appraiser;

B. appoint one of the individuals proposed by HARTFORD, or, in the alternative, appoint an umpire in order to continue with the appraisal of the claim submitted;

C. direct the appraisal panel to utilize an appraisal award form that sets forth the amount of loss, actual cash value and replacement cost of each building item as set forth in the insurance policy; and

HARTFORD FIRE INSURANCE COMPANY V. DEWEY H. LEE
PETITION TO COMPEL APPRAISAL AND APPOINT AN UMPIRE FOR APPRAISAL
PAGE 6

    D.    grant any and all such further relief as this Court may deem just and proper.

DATED this 6 day of November, 2009.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

_____
LEANN P. PARKER, ESQ.
Florida Bar No.: 0089982
lpparker@butlerpappas.com
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
Attorneys for Petitioner